Barry MATHIAS, Plaintiff–Appellant,

v.

MILAN POLICE DEPARTMENT; Jerry Hartsfield; Paul Thomas; Ken Nolan; Terry Wayne Jones; Larry Williams; Kenneth Jones; Jeff Luther; Winfred McCoy, Defendants–Appellees.

No. 00–5118.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

## ORDER

Barry Mathias, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Mathias sued the Milan (Tennessee) police department and multiple police officers contending that they engaged in a scheme of illegal searches and arrests. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2). Mathias then filed a timely motion for reconsideration which the district court subsequently denied.

In his timely appeal, Mathias argues that the defendants illegally entered his home, that they conducted a search of his home without a warrant, that they are in possession of property which should be returned to him, and that his case was improperly dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

We review the district court's judgment de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court's judgment should be vacated and the case be remanded for further proceedings. The district court, citing *Heck*, concluded that Mathias had failed to state a claim under § 1983. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would render his sentence or conviction invalid, until his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87. Furthermore, the

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or attacks the validity of his confinement. *Id.* at 487. "But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnotes omitted).

In his timely motion for reconsideration, Mathias submitted to the district court an order from the Gibson County (Tennessee) Circuit Court granting his motion to suppress the evidence seized by police during the search of his home. Furthermore, the trial court ordered all charges against Mathias dismissed. The documentation establishes that the dismissal order was filed the same day Mathias filed his civil rights action. According to Mathias, the state court issued its decision in the morning of November 22, 1999, and Mathias filed his civil rights complaint later that afternoon.

■ In denying Mathias's motion for reconsideration, the district court acknowledged the state court's dismissal order, but stated that *Heck* still barred Mathias's complaint because Mathias was a parole violator and had not successfully challenged his parole revocation. However, there is insufficient evidence in the record to conclude that Mathias' parole revocation was related to Mathias' arrest on March 9, 1999. Mathias' parole revocation notice indicates that a warrant was served on Mathias on March 10, 1999, one day after the defendants arrested him, and that the basis for the parole board's revocation was Mathias' continued drug use. Because it is unclear from the documentation in the record whether the parole revocation was in any way connected with Mathias' arrest the previous day, we cannot determine whether Mathias' § 1983 suit would demonstrate the invalidity of any outstanding criminal judgment against Mathias, so as to be barred under *Heck.*

Furthermore, we are not persuaded by the court's conclusion that Mathias' suit is barred merely because he is a parole violator who has not challenged his confinement. In *Pennsylvania Bd. of Prob. & Parole v. Scott,* 524 U.S. 357, 369, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998), the Supreme Court held that the exclusionary rule has no application to parole revocation hearings. Although no case from this Circuit has squarely addressed the application of *Heck* in the parole revocation context, and we decline to do so here, dictum in *Chatman v. Slagle,* 107 F.3d 380 (6th Cir.1997), suggests that an illegal search and the concomitant suppression of tainted evidence would "make prosecution of [a] case difficult but would not 'have to negate an element of the offense of which [the plaintiff] has been convicted,' and would thus not create the conflicts at the heart of *Heck.*" *See id.* at 383 (quoting *Heck,* 512 U.S. at 486 n. 6). Therefore, even if Mathias' parole revocation was linked to the illegal search, his § 1983 claim would not imply the invalidity of the parole revocation.

Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.